IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. 1:17-cr-00370-JCH

IMAD AYSHEH,
a.k.a. Imad Manassra,
IYAD AYSHEH,
NEDAL AYSHEH,
RAED AYSHEH, and
NAEL ALI,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Mr. Iyad "Ed" Aysheh and his three brothers – Imad, Nedal, and Raed Aysheh[1] are charged in an 18-page indictment with conspiring to sell "Indian-style" jewelry in violation of the Indian Arts and Crafts Act ("IACA"), 18 U.S.C. § 1159. [2] That statute criminalizes offering or selling a good "in a manner that falsely suggests it is … an Indian product." 18 U.S.C. § 1159(a). According to the indictment, in 2014 Mr. Aysheh's brother Imad established a business in the Philippines called "Imad's Jewelry" to manufacture Indian-style jewelry using Filipino labor. Imad imprinted the letters "IJ" on the jewelry, but not a country-of-origin stamp. After importing the jewelry into the United States, the other Aysheh brothers supposedly sold it to retailers and customers throughout the country, including New Mexico, misrepresenting it as Indian made. Because of the international and interstate nature of the brothers' alleged conduct, the indictment implicates the

---

[1] Because the brothers share a common last name, the Court refers to brothers by their first names.
[2] Defendant Nael Ali is no longer a party to this case. The United States dismissed the charges against him pursuant to a plea deal. *See* ECF Nos. 99 and 102.

Defendants in money laundering, introducing goods into United States commerce by false means, smuggling, and mail fraud and wire fraud. Mr. Aysheh moved to dismiss the indictment. *See* Def.'s Mot. to Dismiss, ECF No. 107. The Court, after considering the motion, response, and relevant law, concludes that motion should be denied.

## I. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12 "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). In his motion to dismiss, Mr. Aysheh disputes many of the operative facts in the indictment. However, "the starting place for the Court's review" is the language of the indictment itself because district courts are "constrained to reviewing limited facts in considering a motion to dismiss" under Fed. R. Crim. P. 12(b)(1). *United States v. Natchez*, No. CR 15-2843-MCA, 2016 WL 9777188, at *1 (D.N.M. June 21, 2016). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (citations omitted). "Rather, [a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id.* (citations and internal quotation marks omitted). "Courts should therefore avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *Id*.

## II DISCUSSION

<u>Paragraph 7(a) of the Indictment</u>

Paragraph 7(a) of the indictment accuses the Defendants of criminal misrepresentation of Indian produced goods in violation of 18 U.S.C. § 1159, alleging that the Defendants conspiring to

> Knowingly display and offer for sale for $1,000 and more, jewelry manufactured in the Philippines, in a manner that suggested the jewelry was Indian produced … when in truth and in fact, … the good was not Indian produced … in violation of 18 U.S.C. § 1159.

Indictment, ¶ 7(a), 2-3, ECF No. 2.

As noted earlier, 18 U.S.C. § 1159 criminalizes offering or selling a good "in a manner that falsely suggests it is … an Indian product." 18 U.S.C. § 1159(a). In his motion to dismiss, Mr. Aysheh explains that the criminal penalty provision of § 1159 has been challenged for vagueness and overbreadth under the First Amendment. Mr. Aysheh especially relies on a federal district court's examination in *United States v. Pourhassan*, 148 F. Supp. 2d 1185 (D. Utah 2001) of whether the phrases "Indian produced" and "falsely suggests" under § 1159 were unconstitutionally vague or overbroad. Mr. Aysheh devotes five-pages to recounting well-established law governing constitutional challenges to vagueness, much of which is discussed in *Pourhassan*.

Without ever asserting a First Amendment challenge or applying the law to the facts at hand, Mr. Aysheh's entire analysis is that "Iyad Aysheh rejects any suggestion that he attempted to pass of any of the foreign made product as Indian produced, an Indian product, or the product of a particular Indian and Indian tribe." The Court considers this argument so inadequately briefed as to be waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (plaintiff's constitutional challenged waived where it consisted of "cursory statements, without supporting analysis and case law."). Moreover, to the extent that Mr. Aysheh is challenging 18 U.S.C. § 1159 as unconstitutionally vague, the pinnacle case he relies upon, *Pourhassan*, the court held that – even applying a "strict" vagueness test – the phrases "Indian produced" and "falsely suggests" were not unconstitutionally vague and consequently denied the defendant's motion to dismiss the indictment. Mr. Aysheh's motion, while referencing principles of First Amendment law, never

expressly sought to invalidate § 1159 or address head-on the complexity of issues raised in *Pourhassan*. Simply recounting caselaw and legal principles is not a substitute for legal analysis. The Court deems waived Mr. Aysheh's First Amendment challenge.

Paragraphs 7(b) & (c) of the Indictment

Paragraph 7(b) of the indictment accuses the Defendants of conspiring to commit the federal offenses of money laundering (18 U.S.C. § 1956(a)(2)(A)), importing merchandise by means of false statements (18 U.S.C. § 542) and smuggling goods into the United States (18 U.S.C. § 545). The charge states that the Defendants conspired to:

> transport … funds in U.S. Currency from a place in the United States … to a place outside the United States … with the intent to promote the carrying on of specified unlawful activity, that is importing Indian-style jewelry manufactured by Imad's Jewelry in the Philippines without an indelible country-of-origin marking.

Indictment ¶ 7(b) at 3.

Except for the money laundering violation, paragraph 7(c) of the indictment similarly charges the Defendants with conspiring to import merchandise by false means and smuggling in violation of 18 U.S.C. §§ 542 and 545. However, the paragraph 7(c) additionally accuses the Defendants of not indelibly marking the jewelry at issue as required by 19 C.F.R. 134.43(c) (requiring imported "Native American-style arts and crafts" to be "indelibly marked with the country of origin."). Paragraph 7(c) states that the Defendants conspired to:

> willfully and knowingly enter and introduce, … into the commerce of the United States, imported merchandise, … by means of a false and fraudulent practice and appliance, to wit, importing Indian-style jewelry … without an indelible country-of-origin marking.

Indictment ¶ 7(c) at 3.

According to Mr. Aysheh, to secure a conviction under § 542, the United States must demonstrate that "some false invoice statement, or practice is related to the importation in some

4

respect." Def.'s Mot. at 9. My Aysheh maintains that the jewelry imported from the Philippines was manufactured with the letters "IJ" "to make sure that they were not presented to buyers as Indian produced." *Id*. Mr. Aysheh states that "[t]herefore, as a matter of statutory interpretation, it remains unclear whether there has been any violation of" any of the statutes recounted above.[3]

Of course, a court may grant a motion to dismiss an indictment if the allegations therein are legally inadequate. *See United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (stating that "a court may always ask whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offence and dismiss the indictment if its allegations fail that standard."). Thus the Tenth Circuit, in describing one of its previous cases, noted that the district court properly dismissed an indictment where "the defendant offered undisputed evidence that he was not present when drugs, drug paraphernalia, and a pistol were found in his home" and therefore "could not, as a matter of law, be charged with knowingly using or carrying a pistol during and in relation to a drug-trafficking offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (discussing *United States v. Hall*, 20 F.3d 1084, (10th Cir. 1994)). Even though Mr. Aysheh presents the matter as one of "statutory interpretation," Mr. Aysheh essentially argues that by imprinting the letters "IJ" on the jewelry, the Defendants did not make false statements as to country of origin – a fact that the United States disputes and would be at issue at trial. There are various ways that § 542 can be violated. *See United States v. Bagnall*, 907 F.2d 432, 436-37 (3rd Cir. 1990) (collecting cases), including by making false statements as to a good's country of origin. *See United States v. An Antique Platter of Gold*, 184 F.3d 131, 135 (2d Cir. 1999). Whether

---

[3] Although Mr. Aysheh contends that it is unclear whether the statutes covering money laundering and smuggling are implicated, My Aysheh only analyzes 18 U.S.C. § 542 (importing merchandise by false means.). Accordingly, the Court only addresses Mr. Aysheh's arguments concerning § 542.

imprinting the letters "IJ" on the jewelry violated § 542 is a factual determination for the jury, not the Court, to decide at trial. Accordingly, Mr. Aysheh's arguments concerning paragraphs 7(b) & (c) of the indictment raise fact-dependent issues which the Court is unable to review.

Paragraphs 7(d) – (f) of the Indictment

Paragraph 7(d) of the indictment accuses Defendants of conspiring to violate the federal mail statute, 18 U.S.C. § 1341, which prohibits use of the mails in furtherance of "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." Paragraph 7(e) charges the Defendants with conspiring the federal wire fraud statute, 18 U.S.C. § 1343, which criminalizes interstate or foreign transmissions "by means of wire … for the purpose of executing" a "scheme or artifice to defraud" or by false pretenses to obtain "money or other property."

Finally, paragraph 7(f) charges Defendants with conspiring to violate another part of the Money Laundering Control Act of 1986. Specifically, part 18 U.S.C. § 1957 prohibits monetary transactions involving criminally derived property of a value greater than $10,000 and derived from specified unlawful activity. "'[M]onetary transaction' means the deposit, withdrawal, transfer, or exchange, … of funds or a monetary instrument … by, through, or to a financial institution." § 1957(f)(1). The indictment states that the Defendants conspired "[k]nowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity … of a value greater than $10,000." Indictment, ¶ 7(f) at 4.

After recounting the Supreme Court's holding in *Neder v. United States*, 527 U.S. 1, 25 (1999), that materiality is an element of both the crimes of wire and mail fraud, but without engaging in legal analysis or providing context, Mr. Aysheh states only that he "disputes that he engaged in any activity that represented any form of fraud or swindle as alleged in the Indictment

6

[under the wire and mail fraud statutes]." Def.'s Mot. at 12. Similarly, in response to the money laundering involving financial transactions offense, Mr. Aysheh simply states that he "denies that the played any part in any offense under 18 U.S.C. § 1957." Def.'s Mot. at 13. For the reasons articulated above, Mr. Aysheh's challenge to the operative facts in the indictment by mounting a claim of innocence is not an issue resolvable by the Court on a motion to dismiss. *See Pope*, 613 F.3d at 1261 (affirming district court's denial of defendant's motion to dismiss indictment where the motion sought "to vindicate an affirmative defense bearing directly on his guilt or innocence.").

## III. CONCLUSION

**IT IS THEREFORE ORDERED that** Defendant Iyad Aysheh Opposed Motion to Dismiss all Counts in the Indictment **[ECF No. 107]** is **DENIED**.

**IT IS SO ORDERED**.

_____
HON. JUDITH C. HERRERA
United States District Judge